John D. Bennett, S.
This is an accounting proceeding in which the court is required to make a determination with regard to the lawful distributees of the decedent.
On October 22, 1963, the parties stipulated in open court certain facts which are not in dispute.
The decedent’s sister, Maria Christina Stanco, is the only other child born of the marriage between the decedent’s mother and father. This sister claims to be the sole distributee of the estate. Subsequent to the birth of the decedent and her sister, the mother separated from the father and entered into a relationship with another man conceded to be adulterous by the attorneys for the objectant. As the result of this relationship four more children were born. The objectant’s father, now deceased, was one of these four children.
The attorney for the objectant has conceded that his client is the child of an illegitimate son, but contends that the objectant, nevertheless, is entitled to share in this estate to the extent of the New York real estate, the disposition of which is governed by New York law. The objectant apparently concedes that there is no right to share in the personal property, the devolution of which is governed by the laws of Italy, the decedent’s domicile.
On the facts as presented, the court dismisses the objections and finds that Maria Christina Stanco is the sole distributee of this decedent and entitled to the entire estate (Matter of *420 Simpson, 175 Misc. 718, affd. 262 App. Div. 1001). Nothing this court did or stated in the related estate of Carmine Capobianco (File No. 71366) is inconsistent with this determination. Carmine Capobianco was one of the four children of the decedent’s mother born out of wedlock. Subdivision 7 of section 83 of the Decedent Estate Law provides for inheritance from an illegitimate by relatives of the mother but there is no comparable provision authorizing inheritance by an illegitimate or descendants of an illegitimate from relations of the mother.
Although many jurisdictions have modified the harshness of the common-law rule, in the absence of remedial legislation, an illegitimate cannot inherit from his mother’s legitimate children at common law (Ann., 60 ALR 2d 1182: Inheritance by illegitimate from mother’s legitimate children).